UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Perry Allison Hood, | Case No.: 2:22-cv-00117-JAD-VCF |
| Petitioner | |
| v. | **Order Directing Petitioner to Show Cause Why this Case Should Not Be Dismissed as Time Barred** |
| Calvin Johnson, et al., | |
| Respondents | |

Petitioner Perry Hood brings this pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus to challenge his 2013 state-court conviction for use of a minor in producing pornography or as a subject of sexual portrayal in performance.[1] After my review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it appears that this action was filed almost three years too late. So I order Hood to show cause in writing by April 10, 2022, why I should not dismiss this action as time-barred.

### Why it appears that the petition is untimely

Hood pleaded no contest to one count of use of a minor in producing pornography or as a subject of sexual portrayal in performance. On December 4, 2013, the state district court entered its judgment of conviction.[2] Hood did not appeal.

Hood filed a state habeas corpus petition in the Nevada Supreme Court of May 22, 2014, invoking that court's original jurisdiction.[3] The Nevada Supreme Court declined to exercise its

---

[1] ECF No. 1-2.

[2] ECF No. 1-4 at 31.

[3] I take judicial notice of the online records from the state-court proceedings. *Hood v. District Court*, Case No. 65729, http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33923 (report generated February 15, 2022).

original jurisdiction, denied the petition on June 12, 2014, denied rehearing on July 23, 2014, and issued a notice in lieu of remittitur on August 20, 2014.[4]

Hood filed a proper-person post-conviction habeas corpus petition in state district court on July 7, 2014, while his original-jurisdiction habeas corpus proceedings still were pending in the Nevada Supreme Court.[5] Hood then filed a counseled supplemental petition on July 8, 2016.[6] The state district court dismissed the petition on March 23, 2017.[7] Hood appealed, and the Nevada Court of Appeals affirmed on May 16, 2018.[8] Remittitur issued on June 13, 2018.[9]

Hood then sent his federal habeas corpus petition under § 2254 to this court. He did not state when he handed the petition to a correctional officer for delivery to the court. However, he dated the petition January 9, 2022, and the court received it on January 21, 2022.

Hood had one year from the date that judgment of conviction became final to file a federal habeas corpus petition under § 2254.[10] The judgment became final on January 3, 2014, when the time to appeal expired.[11] A properly filed state petition for post-conviction review or other collateral review tolls the federal one-year period while the state petition is pending.[12] Hood's petition filed with the Nevada Supreme Court qualifies for tolling even though that court

---

[4] *Id.*

[5] *See* ECF No. 1-5 at 1.

[6] *Id*. at 1.

[7] *Id*. at 34.

[8] *Id.* at 43.

[9] *Hood v. Warden*, Case No. 72870. http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=43095 (report generated February 15, 2022).

[10] 28 U.S.C. § 2244(d)(1)(A).

[11] *See* Nev. R. App. P. 4(b)(1).

[12] 28 U.S.C. § 2254(d)(2).

declined to exercise its original jurisdiction.[13] The tolling for that petition concluded with the issuance of the notice in lieu of remittitur.[14] By that time, Hood's post-conviction habeas corpus petition was pending in the state district court. The tolling thus continued while that petition was pending. The tolling for the post-conviction petition concluded when the remittitur issued on June 13, 2018.[15]

Even with that tolling, Hood's federal petition is untimely. Between the finality of his judgment of conviction and the filing of the habeas corpus petition in the Nevada Supreme Court, 138 non-tolled days passed. Between the conclusion of Hood's state post-conviction habeas corpus petition and Hood's dating of his federal petition, 1,305 non-tolled days passed. A total of 1,443 non-tolled days passed, which is well beyond the one-year (365-day) period of limitation. In short, the one-year period of limitation expired on Monday, January 28, 2019,[16] almost three years before Hood dated his federal petition. So it appears that Hood's federal habeas corpus petition is untimely, and I give him the opportunity to show cause why I should not dismiss this action for that reason.

## Conclusion

IT THEREFORE IS ORDERED that the Clerk of the Court is directed to FILE the petition for a writ of habeas corpus and its exhibits.

IT FURTHER IS ORDERED that **petitioner must show cause in writing by April 10, 2022, why this habeas action should not be dismissed as untimely.** If petitioner does not file

---

[13] *Blair v. Crawford*, 275 F.3d 1156, 1159 (9th Cir. 2002).

[14] *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

[15] *Id.*

[16] Under Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the deadline was extended from Saturday, January 26, 2019, to the next judicial day.

a showing of cause by this deadline, this court will dismiss the action as untimely without further prior notice.

Dated: March 10, 2022

_____
U.S. District Judge Jennifer A. Dorsey