UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PERRY HOOD,

                Plaintiff,

v.

CALVIN JOHNSON, *et al.*,

                Defendants.

Case No. 2:22-cv-00117-CDS-VCF

ORDER

This habeas matter is before the Court on Petitioner Perry Hood's Response to the Court's Order to Show Cause. ECF No. 7.

### I.    Background

Hood challenges a 2013 state court conviction for use of a minor in producing pornography or as a subject of sexual portrayal in performance. ECF No. 1-2. The state court entered the judgment of conviction on December 4, 2013. ECF No. 1-4 at 31. Hood did not file a direct appeal. He filed a state habeas corpus petition to the Nevada Supreme Court on May 22, 2014 invoking the court's original jurisdiction.[1] The Nevada Supreme Court declined to exercise original jurisdiction, denied the petition on June 12, 2014, denied rehearing on July 23, 2014, and issued a notice in lieu of remittitur on August 20, 2014.

Hood filed a *pro se* state post-conviction habeas petition in state court on July 7, 2014 while his original jurisdiction habeas corpus proceedings were still pending in Nevada Supreme Court. He then filed a counseled supplemental petition on July 8, 2016. The state court dismissed the petition on March 23, 2017. Hood appealed, and the Nevada Court of Appeals affirmed dismissal on May 16, 2018. Remittitur issued one month later on June 13, 2018. Hood initiated his federal habeas proceedings in January 2022. He dated the petition January 9, 2022, and the Court received it on January 21, 2022.

---

[1] The Court takes judicial notice of the online docket records of the Nevada appellate courts. The docket records may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

II.     Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

Here, Hood's conviction became final when the time to file a notice of appeal expired on January 3, 2014. The Court assumes, without deciding, that the limitations period was tolled during the pendency of Hood's petition that was filed with the Nevada Supreme Court on May 22, 2014 even though the court declined to exercise its original jurisdiction. Petitioner filed his post-conviction state habeas petition on July 7, 2014, continuing to toll the AEDPA clock. As a result, 138 days elapsed between the finality of the judgment and the filing of the state habeas petition in Nevada Supreme Court. The remaining 227 days of AEDPA limitations period was statutorily tolled during the pendency of all proceedings related to the state petition. Tolling ended on June 13, 2018, when the remittitur issued for the order of affirmance by the Nevada

Court of Appeals. The AEDPA clock restarted the following day and expired 227 days later on January 27, 2019. Absent another basis for tolling or delayed accrual, Petitioner filed his petition nearly three years after the AEDPA limitations period expired.

Given these facts, the Court ordered Hood to show cause in writing why this action should not be dismissed with prejudice as untimely. ECF No. 6. In his response to the order to show cause, Hood asserts that it took him most of 2018 and 2019 to gather necessary documents and gain knowledge to work on his habeas petition *pro se*. ECF No. 7 at 3. He further asserts that he was transported to High Desert State Prison and placed in isolation for 6 months preventing access to any legal assistance. *Id.* at 4. Due to the COVID-19 pandemic, he argues that the law library was either closed or unresponsive and lockdowns in the housing unit limited contact with peers who might have been helpful. *Id.* In addition, because writing by hand was laborious and slow, Hood would send his habeas work to his sister-in-law to type, which caused further delay because his mail was blocked. *Id.* at 4-5.

The one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation omitted). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Att'y General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

If Petitioner seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual

innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

To the extent that Hood requests equitable tolling of the statute of limitations, Hood has not met his burden of showing an extraordinary circumstance warranting equitable tolling and he has not shown that he acted diligently in pursuing his claims. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Waldron–Ramsey*, 556 F.3d at 1013 n. 4 ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.")  Additionally, a lack of knowledge of the AEDPA's one-year statute of limitations is not sufficient to warrant equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005).  Further, difficulties in accessing the law library are not extraordinary circumstances that justify equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Even if it could be considered an extraordinary circumstance, Hood does not specify the amount of time he allegedly did not have access to the law library and his petition is late by three years.

Hood alleges no other basis for tolling, equitable or statutory, or delayed accrual of any of his claims. Further, Petitioner does not argue that he is actually innocent. Accordingly, the petition, filed three years after the expiration of the AEDPA statute of limitations, is untimely and must be dismissed.

It is therefore ordered that the petition (ECF No. 5) is hereby dismissed with prejudice as untimely.

It is further ordered that Petitioner Perry Hood is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition as untimely to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to enter final judgment accordingly and close this case.

DATED this 1st day of June, 2022.

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE